**Michael H. Simon**, OSB No. 860908
msimon@perkinscoie.com
**Nicholle Y. Winters**, OSB No. 054155
nwinters@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| FISHER BROADCASTING COMPANY, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK, L.L.C. f/k/a/EchoStar Satellite L.L.C., a Nevada corporation,<br><br>Defendant. | No. _____<br><br>COMPLAINT<br>(Breach of Contract)<br><br>Jury Trial Requested |

For its Complaint against Defendant, DISH Network L.L.C. f/k/a EchoStar Satellite L.L.C. ("DISH"), Plaintiff, Fisher Broadcasting Company ("Fisher"), alleges as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff is a Washington corporation, with its principal place of business in Seattle, Washington, doing business in Oregon at all material times.  Plaintiff is a wholly owned

1- COMPLAINT

09648-0045/LEGAL15038648.1

subsidiary of Fisher Communications, Inc., a Washington corporation with its principal place of business in Seattle, Washington.

2.

DISH is a Nevada corporation, with its principal place of business in Englewood, Colorado, doing business in Oregon at all material times.

3.

Upon information and belief, on or about January 20, 2008, EchoStar Satellite L.L.C. ("EchoStar") became DISH Network L.L.C.

4.

Jurisdiction exists by way of diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because DISH transacts business within this District and a substantial part of the events giving rise to Plaintiff's claims occurred within this District.

**GENERAL ALLEGATIONS**

5.

On or about December 28, 2005, Fisher and DISH executed a Retransmission Consent Agreement ("Retransmission Agreement"), under which DISH would retransmit Fisher's television broadcasting stations on DISH's satellite network and would pay a monthly fee to Fisher.

6.

Section 13(d) of the Retransmission Agreement establishes that in the event Fisher

> becomes the owner, operator, manager, or agent (i.e., obtains the authority, however derived, to grant retransmission consent for) or licensee of any additional broadcast television station after the date of this Agreement (an "Additional Station"), [Fisher] will give notice thereof to EchoStar in writing and such Additional Station shall be added to Exhibit A and covered by the terms of the retransmission consent provided under this Agreement effective

2-   COMPLAINT

> upon consummation of the transaction by [Fisher] and continuing for the remainder of the Term of this Agreement.

Retransmission Agreement, at 12.

7.

On or about July 1, 2006, Fisher acquired management of and retransmission consent authority for KUNP, a station broadcasting in the Portland, Oregon designated market area.

8.

On or about October 2, 2006, pursuant to Section 13 of the Retransmission Agreement, Fisher provided DISH with written notice that it had acquired management of and retransmission consent authority for KUNP.

9.

KUNP is an "Additional Station" as defined in Section 13(d) of the Retransmission Agreement. As such, under Section 13(d), KUNP was added to the Retransmission Agreement and was covered by the terms of the Retransmission Agreement as of July 1, 2006, the date Fisher consummated its transaction in acquiring management of and retransmission consent authority for KUNP.

10.

Section 6 of the Retransmission Agreement provides that:

> EchoStar shall pay all costs associated with collecting the signal of each Station and delivering said signal to the location necessary to enable EchoStar to uplink the Station's signal to its satellite ("EchoStar's Local Backhaul Site"). Fisher shall provide EchoStar with access to the Station's signal at the Station's primary transmission point, i.e., main studio or transmitter site or such other location as mutually agreed.

Retransmission Agreement, at 7.

3- COMPLAINT

11.

After acquiring management of and retransmission consent for KUNP, Fisher offered KUNP's low-power translator station as a potential relay point for DISH to use to collect KUNP's signal in an effort to assist DISH in its collection of the signal.

12.

Under the Retransmission Agreement, DISH was obligated to collect and retransmit the signal for KUNP at DISH's expense and pay Fisher a monthly retransmission fee for KUNP.

13.

DISH materially breached the Retransmission Agreement by failing to pay Fisher the retransmission fees for KUNP from July 1, 2006 to the present, resulting in damages to Fisher in an amount to be determined at trial, but not less than $944,000.

14.

On or about January 1, 2008, Fisher acquired stations KBAK and KBFX in Bakersfield, California, from Westwind Communications.

15.

DISH executed an Acknowledgment providing that these two stations be deemed Additional Stations under the Retransmission Agreement.

16.

DISH failed to pay Fisher the monthly fees due and owing for KBAK and KBFX under the Retransmission Agreement, and instead paid Fisher the sums due and owing under its previous contract with Westwind Communications.  This resulted in an underpayment to Fisher.

17.

DISH acknowledges that it underpaid Fisher from approximately January 1, 2008 through July 21, 2008, in the amount of $17,088.00 for stations KBAK and KBFX and that such amount is due and owing by DISH to Fisher.

4-   COMPLAINT

18.

DISH materially breached the Retransmission Agreement by failing to pay Fisher the full amount due and owing under the Retransmission Agreement for television stations KBAK and KBFX, resulting in damages in an amount to be determined at trial, but not less than $21,000.

19.

Section 7(d) of the Retransmission Agreement states that

> Past-due payments will bear interest at the rate of one and on-half percent (1.5%) per month or, if less, the maximum rate allowed by law, and EchoStar shall be liable for all reasonable costs and expenses (including, without limitation, reasonable attorney's fees and court costs) incurred by Fisher in collecting any past-due payments.

Retransmission Agreement, at 9.

20.

Pursuant to Section 7(d) of the Retransmission Agreement, monthly interest is due and owing, and continues to accrue on a compounded basis, on the past-due balances owed by DISH for its obligations relating to stations KUNP, KBAK, and KBFX.

21.

Pursuant to Section 7(d) of the Retransmission Agreement, Fisher is entitled to receive attorney fees.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract – KUNP)

22.

Plaintiff Fisher realleges and reincorporates by reference paragraphs 1-21 as though fully set forth herein.

23.

Plaintiff Fisher and Defendant DISH are parties to an enforceable contract, the Retransmission Agreement.

5-   COMPLAINT

24.

Fisher fully performed its obligations under the Retransmission Agreement relating to station KUNP, or its obligations were excused.

25.

DISH materially breached the Retransmission Agreement by failing and refusing to pay Fisher the retransmission fees as required under the Retransmission Agreement.

26.

As a result of these material breaches of the Retransmission Agreement by DISH, Fisher has been damaged in an amount to be determined at trial, but not less than $944,000, plus attorney fees.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract – KBAK and KBFX)

27.

Plaintiff Fisher realleges and reincorporates by reference paragraphs 1-26 as though fully set forth herein.

28.

Plaintiff Fisher and Defendant DISH are parties to an enforceable contract, the Retransmission Agreement.

29.

Fisher fully performed its obligations under the Retransmission Agreement relating to stations KBAK and KBFX.

30.

DISH materially breached the Retransmission Agreement by failing to fully pay Fisher the retransmission fees as required under the Retransmission Agreement.

6-   COMPLAINT

31.

As a result of these material breaches of the Retransmission Agreement by DISH, Fisher has been damaged in an amount to be determined at trial, but not less than $21,000, plus attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Fisher demands the following relief:

1.  Damages in favor of Plaintiff Fisher in an amount to be determined at trial, but not less than $965,000, together with interest, costs, disbursements, and other expenses and relief, as provided for in the Retransmission Agreement and under Oregon law;

2.  Plaintiff Fisher's costs of suit, including reasonable attorney's fees; and

3.  Such other relief as the Court may deem just and proper.

DATED: December 18, 2008

PERKINS COIE LLP

By: /s/ Michael H. Simon

**Michael H. Simon**, OSB No. 860908
msimon@perkinscoie.com
**Nicholle Y. Winters**, OSB No. 054155
nwinters@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222
Attorneys for Plaintiff